IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

HENRY JAY HORDEMAN,

    Plaintiff,
v.                                                  CASE NO. 1:18-cv-70-MW-GRJ

U.S. DEPARTMENT OF EDUCATION,
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* non-prisoner litigant, initiated this case by filing ECF No. 1, a civil rights complaint against the U.S. Department of Education and its Secretary, Betsy DeVos. Plaintiff alleges that Defendants' conduct surrounding his student loan debt violated the following provisions of the Constitution: Article 1, Section 10; Amendment XIII, Section 1; and Amendment XIV, Section 1. As relief, Plaintiff seeks "the sum total in the entirely of all outstanding student debt in the amount of one trillion, two billion (1,200,000,000,000.00) dollars." (ECF No. 1.)

Because none of the provisions of the Constitution that Plaintiff alleged were violated actually applies to his claims and because it was unclear whether Plaintiff had any real claim against Defendants, the Court

provided Plaintiff the opportunity to file an amended complaint to allege actual constitutional violations by Defendants, if any. (ECF No. 4.) In the Court's order, the Court specifically advised Plaintiff of the following:

> [A]lthough Plaintiff says that Article I, Section 10; Amendment XIII, Section I; and Amendment XIV, Section I, apply to his claims, Plaintiff has failed to make such a showing. For example, Article I, Section 10, states that "[n]o State shall . . . pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts," but Plaintiff has failed to allege in his complaint the existence of any such law. Additionally, Amendment XIII, Section I, states that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States," but again Plaintiff has failed to allege in his complaint that slavery or involuntary servitude exist in the United States. Lastly, Amendment XIV deals with state deprivations, and Plaintiff's claims involve alleged federal deprivations, not state deprivations.

(*Id.*)

Now before the Court is Plaintiff's first amended complaint, ECF No. 5. The Court again finds that Plaintiff has failed to state a claim against Defendants. For starters, Plaintiff's complaint begins with the following statement: "I cannot address any violations of existing laws, rules or regulations. If such exist reguarding [sic] my predicament perhaps they have been broken." (*Id.* at 5.) He goes on to state that "from [his] perspective, the absence of such laws, rules or regulations is in and of itself a violation of said articles and section." (*Id.*) Of course, such a

conclusory allegation that Defendants *perhaps* violated Plaintiff's rights or that a lack of laws and regulations constitutes a violation of Plaintiff's constitutional rights is insufficient to state a claim against Defendants.

Not only has Plaintiff failed to state a claim against Defendants, but it is also clear from Plaintiff's factual allegations (even liberally construed) that Plaintiff cannot establish any plausible claim against Defendants. Plaintiff's allegations relate to the complicated repayment of a National Direct Student Loan dating back to 1980. Following Plaintiff's recitation of his work history and attempts at repaying this loan, Plaintiff states that in 2008 he wrote a check to pay the remaining amount owed on his student loan. Since that time, however, all of Plaintiff's efforts to learn whether the payment was received and if there is any remaining debt have gone unanswered. As a result, Plaintiff requests the following relief: "[t]o demand [Defendants] to educate me as to the status of my loan as well as compensate me should discovery prove my grievances legitimate." (*Id.* at 6–10.) Yet nothing in these allegations amounts to a violation by Defendants of any of Plaintiff's rights.

And to solidify the fact that Plaintiff has no claim against Defendants, Plaintiff—rather than alleging any actual constitutional violations as the Court ordered—simply realleges in the "Statement of Claims" section of his

amended complaint that Defendants violated the same constitutional provisions as he listed in his original complaint: Article I, Section 10; Amendment XIII, Section 1; and Amendment XIV, Section 1. (*Id.* at 10.) But as the Court already advised Plaintiff, such provisions of the Constitution do not apply to Plaintiff's allegations. (*See* ECF No. 4.)

Because Plaintiff has failed to state a claim against Defendants and because it is clear from his amended complaint that he does not have any plausible claim against Defendants, the Court finds that further amendment would be futile. The Court, therefore, finds that Plaintiff's complaint is due to be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, it is respectfully **RECOMMENDED** that:

Petitioner's amended complaint, ECF No. 5, should be **DISMISSED**, and the case should be **CLOSED.**

**IN CHAMBERS** this 7th day of May 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be**

**filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**